C. E. MONEYHAM, *et al.,* v. LYDIA HAMILTON, *et al.*

168 So. 522.
Division B.
Opinion Filed May 29, 1936.

*Clyde E. Mayhall,* for Appellants;
*Thomas E. Walker,* for Appellees.

BUFORD, J.—The appeal brings for review a final decree dismissing an amended bill of complaint, the purpose of which was to have one of the defendants who was named a sole beneficiary in a will decreed to be trustee of the estate purporting to be bequeathed to her and to decree that the estate so bequeathed to her is held by her in trust for herself and other heirs of the testator.

The alleged right to relief is based on the allegation that testator during his last illness and when he was unable to leave his bed told defendant, his daughter, Lydia Hamilton, where the will was laid away in another house and asked her to get the will and bring it to him that he might destroy it, but that Lydia pretended to testator that she could not find the will, while in truth and in fact she did find it and kept same in her possession until testator died and then filed it for probate.

It is further alleged that the will was admitted to probate and that the estate is being administered under the terms of the will.

If the will was revoked it passed no title to Lydia and she holds no title as trustee or otherwise, except such as she acquires as an heir at law. In some jurisdictions, however, it is held that if the testator has been fraudulently prevented from revoking a will equity will impress a trust in favor of the heirs at law against the legacies and de-

visees under the will. Redfearn's Wills and Administration of Estates, 118, and cases there cited. Before a trust may be impressed and enforced in lieu of the provisions of the will, it is necessary to show something more than the frustration of a mere *intent* to revoke the will. In Bohleber v. Rebstock, 255 Ill. 53, 99 N. E. 75, it was said:

"Prior to the enactment of any legislation upon this subject in England, the question whether an intention to revoke a will was sufficient to constitute a revocation was considered by the courts, and the courts held that such an intention was sufficient to effect a revocation. These decisions led to such uncertainty in the stability of wills and to such suspicion that wills were being defeated by perjury that an act was passed defining what was necessary to the revocation of a will by the testator in his lifetime, and, as above stated, the various states of this country have enacted similar legislation. It will be seen our statutes provide that no will or codicil shall be revoked otherwise than by burning, canceling, tearing or obliterating the same by the testator himself, or by someone in his presence and by his direction and consent, or by some other will or codicil duly executed. Under similar statutes the courts of this country have practically uniformly held, and the text book writers also lay down the rule, that the mere intention to revoke a will, unaccompanied by any act of testator to execute that intention, will not be sufficient to revoke the will, even though the execution of the intention was frustrated by the fraud and improper conduct of other persons."

A contrary holding is found in Card v. Grimman, 5 Conn. 164, Ford v. Ford, 7 Hump. (Tenn) 92, and in Smiley v. Gambill, 2 Head (Tenn.) 164. The Illinois case is a much later case than is either the Connecticut or the Tennessee

case. In harmony with the Illinois Bohleber case, see 40 Cyc. 1190, and cases there cited.

It appears that it is safe to say that the frustration of a mere intent to revoke a will is not sufficient to impress a trust on the devise, while if an interested person by fraud, duress, coercion or deception frustrates an attempt as distinguished from an intent to revoke the will, such person so acting will not be allowed to profit thereby and equity may in such case impress a trust in favor of the heirs at law on the devise which will have the same effect and result as would have obtained, had the will been revoked.

Sections 14 and 15 of the Florida Probate Act, Chapter 16,103, Acts of 1933, provides the manner and means by which a will may be revoked. Neither of the methods prescribed are shown by the amended bill of complaint to have been attempted by the testator.

To hold that a last will and testament may be utterly destroyed by merely alleging and proving that the testator requested a beneficiary to bring the will to him, that he might destroy it, and that the beneficiary falsely pretended to be unable to find the will would be, indeed a dangerous enunciation and would doubtless lead to much fraud and the undoing of many devises by unscrupulous and designing persons who may be cut off from inheritances which they might share except for the exercise of the right of the owner to dispose of the same by will.

There was no error in the order complained of and the same should be affirmed. It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.